UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN BRAHE,

    Plaintiff,

v.

                                              CASE NO. 8:13-cv-02028-EAK-AEP

PUBLIX SUPER MARKETS, INC.,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS COMPLAINT

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Complaint and Incorporated Memorandum of Law (Doc. 8) and Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 10); and reply to response (Doc. 16). For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED WITH LEAVE TO AMEND COUNT III**.

## PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed his Complaint (Doc. 1) on August 05, 2013. Defendant filed a Motion to Dismiss Complaint with Prejudice and Incorporated Memorandum of Law (Doc. 8) on October 24, 2013. Defendant then filed a Request for Judicial Notice (Doc. 9) on October 24, 2013. Plaintiff filed the Response to Defendant's Motion to Dismiss Complaint with Prejudice and Incorporated Memorandum of Law (Doc. 10) on November 07, 2013. Defendant filed a Reply in Support of Motion to Dismiss Complaint with Prejudice and Incorporated Memorandum of Law (Doc. 16) on November 26, 2013. The following facts are accepted as true for the purpose of resolving this motion.

1

On September 04, 2012, Plaintiff went to a dentist appointment at the dentist office located in Lake Miriam Square shopping center. Plaintiff was unable to find a disabled parking space, or a space near the entrance of the office, and had to park in a space approximately greater than one hundred and fifty feet from the entrance of the office. While walking to the office, Plaintiff became dizzy and disoriented from pain and fell forward, striking his head against the concrete curb. Plaintiff suffered lacerations, bruising and swelling and received twenty-two stitches across his left eye and left cheekbone.

Plaintiff claims that he is disabled under the definition in 42 U.S.C. § 12102. Plaintiff alleges that on September 04, 2012, there were no reserved disabled parking spaces open in the parking lot owned, operated and maintained by Defendant. Plaintiff further alleges that on September 04, 2012, there were no reserved disabled parking spaces allocated within close proximity of his dentist's office. Plaintiff claims that because of the lack of disabled parking spaces, he was injured when he had to park farther from the entrance. Plaintiff also claims that the lack of disabled parking spaces allocated to the area of the dentist office is a violation of the Americans with Disabilities Act.

Plaintiff filed the complaint asking for declaratory relief, injunctive relief, and damages pursuant to a negligence per se allegation.

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss for lack of subject-matter jurisdiction. If a court determines that it does not have subject-matter jurisdiction at any time, then the court must dismiss the case sua sponte. Fed. R. Civ. P. 12(h)(3). There are two different types of challenges that a party may make based on subject-matter jurisdiction: a

facial challenge and a factual challenge. *Lawrence v. Dunbar*, 919 F. 2d 1525, 1528-29 (11th Cir. 1990). When a party makes a facial challenge to a court's subject-matter jurisdiction, the court treats the allegations in the complaint as true and determines whether the complaint sufficiently alleges the basis of the court's subject-matter jurisdiction. *Id.* at 1529. If the motion to dismiss for lack of subject-matter jurisdiction is based on a facial challenge, then the plaintiff receives protections similar to what he or she would receive on a Rule 12(b)(6) motion to dismiss because the court takes the allegations in the complaint as true. *Id.* By contrast, if the motion to dismiss for lack of subject-matter jurisdiction is based on a factual challenge, then the plaintiff's allegations do not receive any presumption of truth. *Id.* Instead, on a factual challenge, a party challenges whether subject-matter jurisdiction in fact exists, and the court may weigh the evidence and consider matters beyond the pleadings. *Id.*

Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleadings are held to minimal requirements and may not simply consist of "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Under the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a defendant's Rule 12(b)(6) motion, the "factual allegations must be enough to raise a right to relief above the speculative level," and those facts must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. This plausibility requirement set forth in *Twombly* requires the allegations to be more than merely conceivable. *Id.* at 570.

## DISCUSSION

Defendant's Motion to Dismiss Count I and II constitutes a factual attack because it relies on evidence from a previous suit. "Defendant's motion to dismiss constitutes a factual attack as it relies on extrinsic evidence, namely, the affidavit of its owner." *Scott v. Cash To Go, Inc.*, 6:13-CV-142-ORL-37, 2013 WL 1786640 (M.D. Fla. Apr. 26, 2013). The evidence in this case, particularly the Declaration of James A. Diluigi, the Joint Stipulation of Dismissal from a previous case, and the order from that previous case, is extrinsic and therefore, Defendant brings a factual challenge to the subject matter jurisdiction of this case.

Defendant's Motion to Dismiss Count III is a plausibility argument. This argument would fall under a 12(b)(6) motion.

### Count I and II: Mootness

Count I and II are dismissed because both counts are moot. "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed. Indeed, dismissal is required because mootness is jurisdictional." *Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.*, 382 F.3d 1276, 1282 (11th Cir. 2004). In the present case, Defendant has resolved the issue of the accessible parking spaces and has implemented accessibility enhancements per the instruction of ADA inspectors prior to this lawsuit. Counts I and II request that this Court grant declaratory relief that the parking lot is not in accord with the ADA and injunctive relief seeking compliance with the ADA. Defendant's parking lot is now in accord with the ADA standards and in fact has more spaces than that required by the ADA.

Therefore, this Court cannot grant any meaningful relief making Count I and II moot and dismissed.

Count I and II are moot because the wrongful conduct will not occur again because Defendant has invested in the improvements. "The standard ... for determining whether a case has been mooted ... is stringent. A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Scott v. Cash To Go, Inc.*, 6:13-CV-142-ORL-37, 2013 WL 1786640 (M.D. Fla. Apr. 26, 2013). "Because Walgreens has invested substantial resources to make its store ADA-compliant, it would be unreasonable to think that Walgreens would remove the improvements or otherwise violate the ADA after the case is dismissed." *Nat'l Alliance for Accessability, Inc. v. Walgreen Co.*, 3:10-CV-780-J-32-TEM, 2011 WL 5975809 (M.D. Fla. Nov. 28, 2011). In this case, Defendant has implemented accessibility enhancements per the instruction of ADA inspectors prior to this lawsuit. It has been found that the Defendant's parking lot now complies with the ADA and in fact has almost double the accessible spaces than is required. Defendant has invested resources to make these accessible parking spaces and it would be unreasonable to think Defendant would remove these spaces after the money put into the improvements. Therefore, the allegedly wrongful behavior could not reasonably be expected to recur making Count I and II moot and dismissed.

Also, "The U.S. Court of Appeals for the Eleventh Circuit has articulated three factors that are relevant to determining whether a defendant's challenged conduct can be expected to recur: "(1) whether the challenged conduct was isolated or unintentional, as opposed to a continuing and deliberate practice; (2) whether the defendant's cessation of the offending conduct was motivated by a genuine change of heart or timed to anticipate suit; and (3) whether, in

ceasing the conduct, the defendant has acknowledged liability." *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1184 (11th Cir.2007)." The facts show that the small number of accessible parking spaces was not intentional and that Defendant worked with ADA consultants to fix the problem. In this case, Defendant made improvements as a result of a previous lawsuit, not in anticipation of the current lawsuit. And, Defendant acknowledged liability in the previous case when Defendant hired consultants to implement accessibility enhancements after a problem had occurred. Therefore, Defendant's conduct cannot be expected to recur and Count I and II are dismissed for mootness.

### Count III: Plausibility

As written, Count III does not bring a plausible claim of negligence per se and is therefore dismissed with leave to amend the complaint. "In a negligence per se case, the duty is defined by the applicable statute rather than the common law, and a breach of the statute itself constitutes a breach of the duty...Because the ADA was not designed to protect those with disabilities from personal injuries, Plaintiff is unable to state a claim for per se negligence." *White v. NCL Am., Inc.*, 05-22030-CIV, 2006 WL 1042548 (S.D. Fla. Mar. 8, 2006). In this case, Plaintiff states that Defendant had a duty to prevent discrimination of disabled individuals' use of places of public accommodation and to also keep those places safe for use. However, Plaintiff asserts this duty fell under the ADA. Because Plaintiff claims the duty falls under the ADA, the Plaintiff cannot state a claim for per se negligence. Therefore, Count III is dismissed with leave to amend.

Count III is dismissed unless Plaintiff can show that there is a duty at common law. "As to a common law negligence claim...Plaintiff may not use the ADA's standards alone to impose a duty on the Defendants. This is not to say that a disabled person can never bring a common law

action arising from injuries caused by negligent conduct in the context of public accommodation. Rather, to do so a plaintiff must identify a recognized duty at common law, independent of the ADA standards." *White v. NCL Am., Inc.*, 05-22030-CIV, 2006 WL 1042548 (S.D. Fla. Mar. 8, 2006). As stated above, Plaintiff has only stated that Defendant has a duty under the ADA, not at common law and independent from ADA standards. If Plaintiff can plead such a common law duty, consistent with his pleading obligations under Fed.R.Civ.P. 8 and 11, then he may amend Count III. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss be **GRANTED WITH LEAVE TO AMEND COUNT III**. The amended complaint must be filed within ten days of this order or this entire case will be dismissed and closed.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, this 10th day of April, 2014.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record