UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN BRAHE,

    Plaintiff,

vs.                                             CASE NO. 8:13-cv-02028-EAK-AEP

PUBLIX SUPER MARKETS, INC.,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTIONS

This cause is before the Court on Plaintiff's motion for reconsideration (Doc. 27), response thereto (Doc. 31), and unopposed motion to stay and reset scheduling deadlines (Doc. 35). For the reasons stated below, Plaintiff's Motion for Reconsideration is denied and the motion to reset scheduling deadlines is granted in part. The Court previously resolved the Defendant's motion to dismiss by dismissing Counts I and II with prejudice, finding them to be moot, and Count III with leave to amend. Instead of filing an amended complaint, the Plaintiff filed the instant motion for reconsideration asking this Court to reinstate Counts I and II of the complaint and obtaining leave to delay the filing of an amended complaint.

## **PROCEDURAL HISTORY AND BACKGROUND**

Plaintiff filed his Complaint (Doc. 1) on August 05, 2013. The following facts were accepted as true for the purpose of resolving the motion to dismiss: 1) On September 04, 2012, Plaintiff went to a dentist appointment at the dentist office located in Lake Miriam Square shopping center. 2) Plaintiff was unable to find a disabled parking space, or a space near the entrance of the office, and had to park in a space approximately greater than one hundred and fifty feet from the entrance of the office. 3) While walking to the office, Plaintiff became dizzy and disoriented from pain and fell forward, striking his head against the concrete curb and suffering lacerations, bruising and swelling. He received twenty-two stitches across his left eye and left cheekbone. 4) Plaintiff claims that he is disabled under the definition in 42 U.S.C. § 12102. 5) Plaintiff alleges that on September 04, 2012, there were no reserved disabled parking spaces open in the parking lot owned, operated and maintained by Defendant. 6) Plaintiff further alleges that on September 04, 2012, there were no reserved disabled parking spaces allocated within close proximity of his dentist's office. 7) Plaintiff claims that because of the lack of disabled parking spaces, he was injured when he had to park farther from the entrance. and 8) Plaintiff also claims that the lack of disabled parking spaces allocated to the area of the dentist office is a violation of the Americans with Disabilities Act. Plaintiff filed the complaint asking for declaratory relief, injunctive relief, and damages pursuant to a negligence per se allegation.

In the order granting the motion to dismiss on Counts I and II, the Court found that the counts were moot and stated:

> In the present case, Defendant has resolved the issue of the accessible parking spaces and has implemented accessibility enhancements per the instruction of ADA inspectors prior to this lawsuit. Counts I and II request that this Court grant declaratory relief that the parking lot is not in accord with the ADA and injunctive relief seeking compliance with the ADA. Defendant's parking lot is now in accord with the ADA standards and in fact has more spaces than that required by the ADA. Therefore, this Court cannot grant any meaningful relief making Count I and II moot and dismissed.

## **STANDARD OF REVIEW**

Reconsideration of a previous order "is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla.); *see also Williams v. Cruise Ships Catering & Serv. Int'l, N. V*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (noting that the moving party must present facts of a "strongly convincing nature" to warrant reversal). The Court's reconsideration of a previous order amount to an extraordinary remedy, and the Court should limit its application cautiously. *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Florida*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Plaintiff has moved for reconsideration under Federal Rule of Civil Procedure 59(e), which "provides the court with considerable discretion in deciding whether to grant [the motion]." *Ludwig v. Liberty Mut. Fire Ins. Co.*, 2005 U.S. Dist. LEXIS 37718, 7 (M.D. Fla. 20015) (quoting *American Homes Assur. Co. v. Glenn Estess & Assoc., Inc.*,

763 F.2d 1237, 1238-1239 (11th Cir. 1985)). Rule 59(e) provides: reconsideration is warranted under this rule when there is: (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or prevent manifest injustice. *Burger King,* 181 F. Supp. 2d at 1369. Generally, a motion for reconsideration must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Fla. College of Osteopathic Medicine. Inc.,* 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) [8] (quoting from *Cover v. Wal-Mart Stores, Inc.,* 148 F.R.D. 294 (M.D. Fla. 1993)).

## DISCUSSION

The Court has reviewed and considered the arguments made by the Plaintiff and finds that there is no basis for granting the reconsideration sought. The Plaintiff reiterates the arguments previously made to, and rejected by, the Court. The Plaintiff states that the Court did not give enough consideration to the burden for establishing mootness and that the Court's interpretation of the facts and law were erroneous. The Court does not agree. The Court reasserts the statements it made previously:

> A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Scott* v. *Cash To Go, Inc.,* 6:13-CV-142-ORL-37,2013 WL 1786640 (M.D. Fla. Apr. 26,2013). ..In this case, Defendant has implemented accessibility enhancements per the instruction of ADA inspectors prior to this lawsuit. It has been found that the Defendant's parking lot now complies with the ADA and in fact has almost double the accessible spaces than is required. Defendant has invested resources to make these accessible parking spaces and it would be unreasonable to think Defendant would remove these spaces after the money put into the improvements. Therefore, the allegedly wrongful behavior could not reasonably be expected to

recur making Count I and II moot and dismissed.

Also, "The U.S. Court of Appeals for the Eleventh Circuit has articulated three factors that are relevant to determining whether a defendant's challenged conduct can be expected to recur: "(1) whether the challenged conduct was isolated or unintentional, as opposed to a continuing and deliberate practice; (2) whether the defendant's cessation of the offending conduct was motivated by a genuine change of heart or timed to anticipate suit; and (3) whether, in ceasing the conduct, the defendant has acknowledged liability." *Sheely* v. *MRIRadiology Network, P.A.*, 505 F.3d 1173,1184 (11th Cir.2007)." The facts show that the small number of accessible parking spaces was not intentional and that Defendant worked with ADA consultants to fix the problem. In this case, Defendant made improvements as a result of a previous lawsuit, not in anticipation of the current lawsuit. And, Defendant acknowledged liability in the previous case when Defendant hired consultants to implement accessibility enhancements after a problem had occurred. Therefore, Defendant's conduct cannot be expected to recur and Count I and II are dismissed for mootness.

Therefore, the motion for reconsideration is denied.

The unopposed motion to stay and reset scheduling deadlines seeks to have the Court extend the current deadlines until there is an operative complaint. The Court agrees that new deadlines need to be set in this case. Accordingly, is

**ORDERED** that the Plaintiff's motion for reconsideration (Doc. 27) be **denied** and the Plaintiff shall have up to and including October 24, 2014, to file his amended complaint as to Count III of the original complaint. The unopposed motion to stay and reset scheduling deadlines (Doc. 35) is **granted** as to resetting the scheduling deadlines.

The parties are directed to submit an amended Case Management Report on or before November 3, 2014.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 15th day of October, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to: All parties and counsel of record